UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CENTURY INDEMNITY COMPANY,
as successor to CCI INSURANCE
COMPANY, as successor to INSURANCE
COMPANY OF NORTH AMERICA,
ONE BEACON INSURANCE
COMPANY, and CONTINENTAL
INSURANCE,

    Plaintiffs/Counterclaim-Defendants,

v.

AERO-MOTIVE COMPANY, AERO-
MOTIVE MANUFACTURING COMPANY,
WILLIAM BECKER, and ROGER BECKER,

    Defendants/Counterclaim-Plaintiffs.

_____/

Case No. 1:02-CV-108

HON. GORDON J. QUIST

## MEMORANDUM ORDER

Pursuant to the Court's March 13, 2008, Memorandum Order, Defendants have filed a response to the Court's proposed disposition of their motion for interest on defense costs, in which they request an award of pre-complaint interest and an award of penalty interest pursuant to M.C.L. § 500.2006(4).[1] In sum, in its previous order the Court said that Defendants' motion was governed by Rule 60(b)(1) and (6) rather than the law of the case doctrine. The Court further said that Defendants are not entitled to relief under Rule 60(b)(1) regarding their request for pre-complaint interest because they could not demonstrate excusable neglect and because any such request would be untimely. The Court also concluded that Defendants are not entitled to relief under Rule 60(b)(6) based upon a purported change in the law regarding the interpretation of M.C.L. § 500.2006(4)

---

[1] Plaintiff One Beacon Insurance Company has filed a response stating that it agrees with the Court's reasoning and proposed ruling. Plaintiff Continental Insurance Company did not file a response to the Memorandum Order, even though Continental filed a lengthy response to Plaintiff's motion.

because Defendants failed to show some "extraordinary circumstance" warranting relief under Rule 60(b)(1). In particular, the Court noted that the judgment had become final at the time Defendants filed their motion and there was no showing that the Court failed to apply the controlling law at the time it decided the penalty interest issue. Having reviewed Defendants' response, the Court will deny Defendants' motion for the reasons stated in its March 13, 2008, Memorandum Order, as well as the reasons set forth below.

The underlying premise of Defendants' response is that the Court's July 6, 2004, Order was not truly a final order because issues regarding the amount of defense costs due from the Plaintiff insurers as well as pre-judgment and post-judgment interest on those amounts remained pending without a final determination by this Court. Defendants assert that because these issues were properly left for post-appeal determination, concerns of finality do not preclude this Court from considering the issues Defendants raise in their motion.

This argument fails because, as the Court has already noted, this Court and the court of appeals treated the July 6, 2004, Order as final in all respects. That is, after resolving numerous issues presented in several motions for summary judgment, this Court determined that it had resolved all of the issues, and it had no reason to believe that there were more chapters in the litigation. It therefore closed the case. As well, Defendants believed the July 6, 2004, Order to be final because they filed a notice of appeal. Defendants did not file a motion for relief from judgment pursuant to Rule 59 seeking to preserve these unresolved issues, nor did they seek to file a Rule 60(b) motion at any time during the appeal. *See First Nat'l Bank of Salem v. Hirsch*, 535 F.2d 343, 346 (6th Cir. 1976) (setting forth the procedure for filing a Rule 60(b) motion during the pendency of an appeal).

More importantly, Defendants have not cited any authority for the proposition that a party may appeal a final order and, after affirmance, assert issues in the district court that were withheld

2

from both the district court and the court of appeals the first time around. The Court's own research reveals no such case, likely because it would be contrary to well-known rules or policies designed to foster judicial economy. For example, courts of appeal generally apply the rule that issues not presented to the district court are generally deemed forfeited on appeal, *see Taft Broadcasting Co. v. United States*, 929 F.2d 240, 244 (6th Cir. 1991), but allowing a party to raise an issue for the first time in the district court after the court of appeals has affirmed an ostensibly final order would thwart this rule. Such a procedure would potentially spawn a second appeal, contrary to "the historic federal policy against piecemeal appeals.'" *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 10 S. Ct. 1460, 1465 (1980)). Finally, Defendants' proposition contravenes the important concept of finality in our judicial system. *See Powers v. Boston Cooper Corp.*, 926 F.2d 109, 112 (1st Cir. 1991) ("Finality is a critically important concept in our system of jurisprudence.") (internal quotation marks omitted). "At some point, litigation must come to an end." *Consol. Television Cable Serv., Inc. v. City of Frankfort*, 857 F.2d 354, 358 (6th Cir. 1988). As one court has said, albeit in a slightly different procedural context,

> A litigant is bound to bring forward all theories available to him, and second thoughts are not sufficient to open a case already closed. The place for the plaintiff to avail herself of this new theory was in the prior suit, as indeed she sought to do in her motion for rehearing. The affirmance of the final judgment, without remand for further proceedings, constitutes a bar to the cause of action and all its supporting theories, known or unknown.

*Sexton v. United States*, 238 F. Supp. 221, 223 (N.D. Ill. 1965). *See also Bd. of Educ. of the State of Fla. v. Am. Bioscience, Inc.*, 125 F. App'x. 284, 286 (Fed. Cir. 2005) ("Because *ABI I* remanded no issues to the district court, the district court correctly ruled that it did not have jurisdiction to proceed further. ABI has not cited any rules or precedents to the contrary.").

Defendants suggest that in determining whether to grant relief under Rule 60(b)(6), the Court should consider notions of fairness as well as the policy favoring finality of judgments. While the Court has no qualms with this statement as a general proposition, it concludes that finality must prevail here because the circumstances involve a truly final judgment – the Sixth Circuit affirmed this Court's final order without a remand for further proceedings, leaving the case at an end. The cases Defendants cite are not to the contrary.

*Ritter v. Smith*, 811 F.2d 1398 (11th Cir. 1987), was a habeas case and, for that reason alone, is distinguishable because in such proceedings "[c]onventional notions of finality of litigation have no place." *Sanders v. United States*, 373 U.S. 1, 8, 83 S. Ct. 1068, 1073 (1963). Beyond that, the district court in *Ritter* denied relief but the Eleventh Circuit reversed and instructed the trial court to grant the writ unless the state granted the petitioner a new sentencing hearing. Upon remand, the district court entered an order giving the state 180 days to sentence the petitioner. The district court subsequently extended the time in light of the Supreme Court's grant of certiorari in another case involving the same death penalty statute. Shortly thereafter, the Supreme Court issued its decision, which essentially overruled the Eleventh Circuit's decision. The state then moved for relief from the district court's order based upon the Supreme Court's decision, and the district court granted the motion. In affirming, the Eleventh Circuit noted the rule that "something more than a 'mere' change in the law is necessary to provide the grounds for Rule 60(b)(6) relief." *Id.* at 1401. It found this "something more" in the fact that its previous erroneous judgment directing the district court to conditionally grant the writ had not been executed (based upon the extension that the district court granted). Defendants contend that this case is like *Ritter* because here we have an "unexecuted" judgment. This analogy, however, is off base because at the time Defendants filed their motion, there was nothing left for this Court to do or execute. Thus, there is no "unexecuted" judgment.

4

*Adams v. Merrill Lynch Pierce Fenner & Smith*, 888 F.2d 696 (10th Cir. 1989), also offers no support for Defendants' position. In that case the defendant moved to compel arbitration on all claims. The district court granted the motion with regard to the state law claims but denied it with regard to the federal securities law claims and stayed those claims until the arbitration was completed. Subsequently, the Supreme Court issued its decision in *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S. Ct. 2332 (1987), which held that federal securities claims are subject to arbitration. The defendant moved for relief pursuant to Rule 60(b)(6) based upon the *McMahon* decision, and the district court granted the motion. The Tenth Circuit affirmed the district court's grant of the Rule 60(b)(6) motion. *See Adams*, 888 F.2d at 702. Because the federal securities law claims were still pending before the district court at the time the defendant filed the Rule 60(b)(6) motion, there was something more than a mere change in the law to justify granting the motion – the very claims that were the subject of the motion had not been decided. This fact alone distinguishes *Adams* from the instant case.

Finally, the Court has considered Defendants' contention that relief may also be appropriate if the change in decisional law has occurred while an appeal is pending. The problem with this argument is that relief may be appropriate if it is sought "where an appeal or remand of the case is *still pending*, or the judgment is not final." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 748 n.6 (5th Cir. 1995). Defendants did not request relief in this case until after the appeal was decided and the judgment became final.

Accordingly, having given full consideration to Defendants' arguments,

**IT IS HEREBY ORDERED** that Defendants' Motion for Interest on Defense Costs (docket no. 516) is **DENIED**.

Date:  May 1, 2008            /s/ Gordon J. Quist
                    GORDON J. QUIST
                    UNITED STATES DISTRICT JUDGE